OPINION OF THE COURT
Joan S. Kohout, J.
In this child neglect case, counsel for the Monroe County Department of Human Services (hereinafter DHS) has filed an order to show cause pursuant to Family Court Act § 1039-b requesting that the agency be excused from providing reasonable efforts to assist in the reunification of the respondent Clarence W. and his daughter Teresa C., born in 1994, who is in foster care. The motion papers originally requested relief regarding both Teresa and her older brother Terrence C., born in 1993. The request regarding Terrence has been withdrawn and the motion proceeds only concerning Teresa. The court heard the arguments of counsel on April 21, 2009, at which time the respondent opposed the motion, but filed no papers in opposition. Counsel was provided an opportunity to submit written responses regarding the legal issues presented, but none has been received. Since the facts are not in dispute and the issues presented are purely legal in nature, the court finds no need to hold a testimonial hearing prior to rendering this decision. For the reasons which follow, the court denies the motion.
Background
On July 17, 2007, DHS filed a neglect petition against respondent Clarence W. regarding his children Terrence C., born in 1993, and Teresa C., born in 1994. The petition alleged that Mr. W. had inappropriately disciplined his children. The children were removed from their home and placed in foster care where they continue in placement.
A fact-finding hearing was held. On February 22, 2008, the court rendered a written decision and order adjudicating Terrence and Teresa to be neglected children as defined by Family *1008 Court Act § 1012 (f) (i) (B) based upon excessive corporal punishment of the children by Mr. W.
On October 10, 2008, Mr. W. was convicted of course of sexual conduct against a child in the first degree (Penal Law § 130.75
[a] [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]) and sentenced to a determinate term of incarceration of 10 years.
On February 23, 2009, counsel for DHS filed this motion pursuant to Family Court Act § 1039-b requesting that DHS be excused from making reasonable efforts to reunite the two children with their father, because Mr. W had been convicted of a felony sex offense involving Teresa. The motion was withdrawn regarding Terrence based on his age and his preference to continue contact with his father.
Legal Discussion
Family Court Act § 1039-b permits the court to terminate a child welfare agency’s reasonable efforts to reunify a parent with his child, who is in foster care, under carefully prescribed circumstances. These circumstances include instances where aggravated circumstances as defined by Family Court Act § 1012 (j) exist, or when the parent has been convicted of specified crimes, such as murder or manslaughter of his child, or when the parent’s rights have been involuntarily terminated as to a sibling (see Family Ct Act § 1039-b [b]). After the agency has made a threshold showing, reasonable efforts will be terminated unless the court finds that it would be in the child’s best interest to continue agency assistance (see Family Ct Act § 1039-b [b] ).
A motion to terminate reasonable efforts may only be made by “the social services official” and may be filed after or in conjunction with the initiation of a neglect or abuse petition (Family Ct Act § 1039-b [a]). The “social services official” is specifically defined as “a county commissioner of social services” (Social Services Law § 2 [14]). It is reasonable that the legislature would require the commissioner to personally authorize a motion to terminate assistance to a family given the extreme nature of the remedy requested, especially since terminating reasonable efforts may lead to termination of parental rights (see Social Services Law § 384-b [7]).
In this case, the motion was brought by a Deputy County Attorney, who is an employee of the Monroe County Department of Law, and clearly is not a “social services official” within *1009 the meaning of the statute. The only supporting affidavit provided is the affidavit of counsel. No authorization from DHS giving permission to file this motion is attached to the motion papers.
Since the Deputy County Attorney lacks standing to bring this motion, the motion must be denied. However, even if counsel was a proper person to bring the motion, the motion would nonetheless fail. Neither Mr. W’s conviction nor the prior adjudication of neglect provides a basis under Family Court Act § 1039-b to terminate the agency’s legal responsibility to make reasonable efforts to assist Mr. W.
A child welfare agency is authorized to seek court permission to terminate assistance to a parent whose child is in foster care when the parent has been convicted on specific enumerated offenses, such as the murder or manslaughter of another child of the parent (see Family Ct Act § 1039-b [b]). Neither course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) nor endangering the welfare of a child (Penal Law § 260.10 [1]) is among the enumerated offenses that provide a ground for terminating reasonable efforts (see Family Ct Act § 1039-b [b] [2], [3], [4], [5]).
Termination of reasonable efforts may also occur when the parent has subjected the child to “aggravated circumstances” (Family Ct Act § 1039-b [b] [1]). Insofar as is relevant to this case, Family Court Act § 1012 (j) defines “aggravated circumstances” as “where a child has been either severely or repeatedly abused, as defined in subdivision eight of section three hundred eighty-four-b of the social services law.” Counsel for DHS does not allege that Teresa has been “repeatedly abused” within the meaning of Social Services Law § 384-b (8), but argues that Teresa has been subjected to aggravated circumstances, because she has been severely abused by Mr. W.
The definition of a severely abused child includes a child who has been found to be an abused child having been sexually abused by her parent “provided however, [that] the respondent must have committed or knowingly allowed to be committed a felony sex offense as defined in section[ ] . . . 130.75 ... of the penal law” (Social Services Law § 384-b [8] [a] [ii]; see also Family Ct Act § 1012 [e] [iii]).
DHS counsel alleges that Teresa was severely abused by her father who committed a felony sexual offense against her that resulted in his conviction in criminal court. Attached to the motion papers is a certificate of conviction for the respondent for *1010 the felony of course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (a), one of the felony sex offenses enumerated in Social Services Law § 384-b (8) (a) (ii). Although the certificate of conviction does not list the identity of the victim, the respondent does not contest that his daughter Teresa was the victim in the case.
Counsel for DHS, however, ignores the first portion of Social Services Law § 384-b (8) (a) (ii), which imposes an additional requirement, that “the child has been found to be an abused child, as defined in paragraph (iii) of subdivision (e) of section ten hundred twelve of the family court act, as a result of such parent’s acts” (emphasis added).
The term “abused child,” as defined by Family Court Act § 1012 (e) (iii), includes a child under 18 years of age whose parent commits or allows to be committed a sexual offense contained in article 130 of the Penal Law. In order for the court to terminate DHS’s responsibility to assist the respondent, DHS must demonstrate that Teresa has been found to be an abused child, as well as that her father was convicted of a Penal Law sexual offense.
Matter of S.H. (6 Misc 3d 851 [Fam Ct, Onondaga County 2005]), which is one of the few reported cases interpreting Family Court Act § 1039-b, illustrates how aggravated circumstances apply to a request for termination of reasonable efforts. Unlike this case, the respondent father in Matter of S.H. had been convicted of a sexual offense, but had also been found by Family Court to have severely and repeatedly abused the subject child. Given the dual showing, the Family Court held that a prima facie case for a no reasonable efforts finding had been presented. The court then went on to grant the motion finding that the father presented no credible basis to determine that a continuation of assistance by the agency would be in the child’s best interests.
Since Teresa has not been found to be an abused child pursuant to Family Court Act article 10, DHS has not made a prima facie showing that reasonable efforts should be terminated pursuant to Family Court Act § 1039-b.
Nor can it be argued that Teresa was found to be an abused child as the result of the conviction in criminal court. The term “abused child” is not an element of the crime of course of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [a]) and criminal court lacks jurisdiction to adjudicate children under the Family Court Act (see Family Ct Act § 115 [a]).
*1011 Significantly, DHS did not include any sexual abuse allegation in the neglect petition against Mr. W., which was filed on July 17, 2007. Even if DHS had not been aware of the sexual abuse allegations when it first filed its neglect petition, court records note that on August 28, 2007 Mr. W. was in custody at the Monroe County Jail on felony charges and that orders to produce the respondent from jail were signed during 2007 and 2008. Surely, DHS was aware of the allegations in the indictment against Mr. W at that time, but for its own reasons chose not to litigate the sexual abuse issues in Family Court.*
Nor was any request made by DHS to amend the neglect petition to include the sexual abuse allegations and no new sexual abuse petition was filed after Mr. W. was convicted on October 8, 2008. As a result, Teresa has never been found or adjudged to be an abused child pursuant to Family Court Act § 1012 (e) (iii).
Since DHS has not satisfied the threshold legal requirements of Family Court Act § 1039-b, it is not necessary to consider whether continuing reasonable efforts would likely result in reunification and would not be contrary to the child’s best interests (see Family Ct Act § 1039-b [b]).
Accordingly, the petitioner’s motion to terminate reasonable efforts is denied.

 It is not unusual for DHS to defer to the criminal prosecution under the theory that a Family Court prosecution may compromise the criminal case, since the Family Court fact-finding hearing generally occurs before the criminal trial.